Charles M. Harrigan, Jr., Esq. Town Attorney, Ashford
You have asked whether a proposition to reduce the number of justices from two to one may be submitted to the voters at the biennial town election, when candidates for the office proposed to be abolished are running at the same election. The result of passage of the proposition is that the person elected to the abolished office would not assume office.
Under section 60-a(2) of the Town Law if the town board determines that it will be in the best interests of the town, it may adopt a resolution subject to permissive referendum to reduce the number of town justices. The procedure for conducting a permissive referendum is set forth in Article 7 of the Town Law. A resolution or action subject to permissive referendum does not take effect until 30 days after its adoption, nor until approved by the voters of the town if within such 30-day period a petition for a referendum is filed (id., § 91). If the petition is filed not more than 45 days or less than 30 days prior to a biennial town election, the proposition is to be submitted at the biennial town election (ibid.). If the petition is filed at any other time, the proposition is to be submitted at a special town election to be conducted not more than 40 days after the filing of such petition (ibid.). The town board may itself subject an act or resolution, subject to permissive referendum, to a referendum in accordance with the above requirements (id., § 94).
From the above discussion, it is clear that the law permits the presentation at a biennial town election of a proposition to reduce the number of town justices. Town officers are elected at biennial town elections (id., § 80). There is nothing in section 60-a that prohibits the presentation of a proposition to reduce the number of town justices at the same election at which candidates for the office to be abolished are on the ballot. Under the procedure governing permissive referenda, the resolution of the town board would take effect when approved by the voters, resulting in the abolition of the office before the persom elected could take office.
Under the provisions of Article VI, § 17(d) of the State Constitution abolition of this office may not take effect until the expiration of the term of the incumbent (Op Atty Gen [Inf] 81-92). Article VI, § 17 (d) provides:
 "The number of the judges of each of such town, village and city courts and the classification and duties of the judges shall be prescribed by the legislature. The terms, method of selection and method of filling vacancies for the judges of such courts shall be prescribed by the legislature, provided, however, that * * * the justices of the town courts shall be chosen by the electors of the town for terms of four years from and including the first day of January next after their election."
We do not believe, however, that this provision affords any protection to a person elected to the office of town justice whose term of office has not yet begun. We view this provision as preventing the abbreviation of the term of an incumbent. It would not preclude the abolition of the office upon the expiration of an incumbent's four-year term. The first part of this provision requires that the Legislature prescribe the number of judges of each town court. This mandate has been fulfilled in part through the adoption of section 60-a of the Town Law (see, also, § 20). Consistent with this provision of the Constitution, the Legislature has established the procedure for reducing the number of town justices.
We note that in section 24-a of the Town Law the Legislature made clear its intent that a proposition approved by the voters to lengthen the term of a town office would affect officers "thereafter elected" (Op Atty Gen [Inf] 83-49, copy enclosed). However we have found no similar expression of intent in section 60-a regarding the abolition of a town office. The timing of such action is left to the discretion of the town board which could, under the provisions governing permissive referenda, adopt the resolution so as to necessitate the presentation of the proposition at a special, rather than a biennial town election. As we have concluded, there is no prohibition against the presentation of the proposition at the biennial town election. While this might result in a meaningless election, the decision is one involving policy, in the hands of the town board. A person elected to an office has no absolute right to assume the office (see, O'Connor v Greene, 174 Misc. 597 [Sup Ct, Nassau Co, 1940]).
We conclude that a proposition to reduce the number of town justices from two to one may be presented to the voters at a biennial town election even though candidates for that office are running at the same election.